IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

| | |
|---|---|
| DJUAN WASHINGTON, | ) |
| Petitioner, | ) |
| v. | ) CIVIL ACTION NO. 1:20-00030 |
| WARDEN C. MARUKA, | ) |
| Respondent. | ) |

**PROPOSED FINDINGS AND RECOMMENDATION**

On January 13, 2020, Petitioner, acting *pro se*, filed his Petition for Writ of *Habeas Corpus* under 28 U.S.C. § 2241.[1] (Document No. 1.) In his Section 2241 Petition, Petitioner first alleges that he received an Incident Report on September 29, 2019, for violating Prohibited Act Code 203 (Threating Bodily Harm) against SIS Officer Horton. (Id.) Petitioner complains that he was placed in the Special Housing Unit ["SHU"] from September 29, 2019, until October 24, 2019. (Id.) Second, Petitioner complains that he was "attacked, assaulted, and hit with a lock in the head while sitting in a cell" on November 1, 2019. (Id.) Petitioner acknowledges he was transported to the hospital, where he received ten stiches. (Id.) Petitioner indicates that he was again placed in the SHU, where he was interviewed by SIS Officer Horton about the attack. (Id.) Petitioner states that he explained to SIS Officer Horton that Petitioner "was not sure who hit him with a lock because his back was facing the door while he was sitting in a chair in the cell." (Id.) Petitioner alleges that SIS Officer Horton became "verbally abusive and started threatening him stating 'If you don't

---

[1] The BOP Inmate Locator indicates that Petitioner is now incarcerated at FCI Hazelton. The undersigned notes that it is Petitioner's obligation to notify the Court of any change of address or other contact information. L.R. Civ. P. 83.5("A *pro se* party must advise the clerk promptly of any changes in name, address, and telephone number.").

cooperate, I'm going to put you back on the yard regardless of your attackers.'" (Id.) Petitioner states that he again stated that he did not know who assaulted him. (Id.) Petitioner claims that SIS Officer Horton then stated "I know who assaulted you and it was your own people, so if I cannot verify the threat with your people, or you giving me a name of who assaulted you, then I will have to put you back on the yard or leave you un-verified in the SHU for 12 months." (Id.) Petitioner complains that he has been in the SHU for "70 days on investigation." (Id.) Based upon the foregoing, Petitioner first alleges that SIS Officer Horton has violated his due process rights under the Fifth Amendment. (Id.) Petitioner does not allege how his Fifth Amendment rights were violated. (Id.) Second, Petitioner alleges that SIS Officer Horton violated his Eighth Amendment rights by failing to protect Petitioner and subjecting him to cruel and unusual punishment. (Id.) Petitioner alleges that SIS Officer Horton was "vindictive towards him in regards to the altercation they had on September 27, 2019," and SIS Officer Horton "conspired to get him assaulted by an inmate." (Id.) Petitioner claims it is cruel and unusual to subject him to SHU placement when Petitioner is the victim of the assault. (Id.)

After reviewing Petitioner's Petition, the undersigned determined that Petitioner filed a Petition containing mixed claims. (Document No. 3.) Therefore, the undersigned directed the opening of a Bivens action to the extent Petitioner was challenging the conditions of his confinement, thereby initiating Civil Action No. 1:20-00038. (Id.) To the extent Petitioner was alleging the denial of due process during a BOP disciplinary proceeding or asserting the imposition of segregated confinement without procedural due process, the undersigned noted that such claims were properly asserted in a Section 2241 Petition. (Id.) The undersigned noted that Petitioner merely concluded that his due process rights under the Fifth Amendment were violated. (Id.) Petitioner, however, failed to explain how his due process rights were violated. (Id.) Therefore, the

undersigned ordered Petitioner to "amend his Section 2241 Petition to specifically set forth his claims." (Id.) The undersigned further ordered "that Petitioner shall have thirty (30) days from the date of entry of this Order to either pay the $5.00 filing fee, or submit the appropriate Application to Proceed *in Forma Pauperis* with the Certificate portion completed and Authorization to Release Institutional Account Information." (Id.) Finally, the undersigned notified Petitioner that his failure to file his Amended Section 2241 Petition, or pay the filing fee or file a proper Application to Proceed *in Forma Pauperis* within thirty (30) days from the date of the Order would result in a recommendation of dismissal of this matter without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 41.1 of the Local Rules of Civil Procedure for the Southern District of West Virginia. (Id.) Petitioner has made no further contact with the Court or otherwise responded to the Court's Order that was entered more than four months ago. Accordingly, the undersigned has determined that Petitioner has failed to take any steps to prosecute this action, and therefore, Petitioner's Petition in this case should be dismissed.

## **ANALYSIS**

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 41.1 of the Local Rules of Civil Procedure for the Southern District of West Virginia, District Courts possess the inherent power to dismiss an action for a *pro se* Petitioner's failure to prosecute *sua sponte*.[2] See Link v. Wabash Railroad Co., 370 U.S. 626, 629, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962).

---

[2] Rule 41(b) of the Federal Rules of Civil Procedure provides:
> **(b) Involuntary Dismissal: Effect**. If the plaintiff fails to prosecute or to comply with these rules or any order of court, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule - - except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 - - operates as an adjudication on the merits.

Rule 41.1 of the Local Rules provides:

> **Dismissal of Actions**. When it appears in any pending civil action that the principal issues have been adjudicated or have become moot, or that the parties have shown no interest in further prosecution, the judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown. In the absence of good cause shown within that period of time, the judicial officer may dismiss the action. The clerk shall transmit a copy of any order of dismissal to all counsel and unrepresented parties. This rule does not modify or affect provisions for dismissal of actions under FR Civ P 41 or any other authority.

Although the propriety of a dismissal "depends on the particular circumstances of the case," in determining whether to dismiss a case involuntarily for want of prosecution, the District Court should consider the following four factors:

(i) the degree of personal responsibility of the plaintiff;
(ii) the amount of prejudice caused the defendant,
(iii) the existence of a history of deliberately proceeding in a dilatory fashion, and
(iv) the existence of a sanction less drastic than dismissal.

Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989). In consideration of the first factor, the Court finds that the delays in this case are attributable solely to Petitioner as the Respondent has not been required to make an appearance in this action. Pursuant to 28 U.S.C. § 1915, federal courts may authorize the commencement of an inmate's civil action *in forma pauperis* upon the inmate's filing an Application to so proceed, together with an Affidavit stating the nature of the action and Petitioner's belief that he is entitled to redress. 28 U.S.C. §§ 1915(a)(1) and (2) (2002). "Section 1915 is intended to allow qualified litigants to proceed without having to advance the fees and costs associated with litigation." DeBlasio v. Gilmore, 315 F.3d 396, 398 (4th Cir. 2003). Petitioner has not complied with the Court's Order directing him either to pay the requisite filing fee or to file an Application to Proceed *in Forma Pauperis*. (Document No. 3.) Additionally, Petitioner has not filed his Amended Petition. Petitioner, therefore, is the sole cause of the delays

in this action. With respect to the second and third factors, the record is void of further evidence indicating that Petitioner has a history of "deliberately proceeding in a dilatory fashion" or that the Respondent has been prejudiced by the delays in this case.

In consideration of the fourth factor, the Court acknowledges that a dismissal under either Rule 41(b) or Local Rule 41.1 is a severe sanction against Petitioner that should not be invoked lightly. The particular circumstances of this case, however, do not warrant a lesser sanction. An assessment of fines, costs, or damages against Petitioner would be unjust in view of Petitioner's failure to pay the filing fee. Moreover, explicit warnings of dismissal would be ineffective in view of Petitioner's failure to respond to the undersigned's Order entered approximately four months ago advising Petitioner that the undersigned would recommend dismissal if Petitioner failed to complete and file the above forms (Document No. 3). In consideration of all factors, the undersigned concludes that dismissal for failure to prosecute is warranted. Accordingly, the undersigned recommends that this action be dismissed without prejudice unless Petitioner is able to show good cause for his failure to prosecute.

## PROPOSAL AND RECOMMENDATION

The undersigned hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS**, that the District Court **DISMISS** Petitioner's § 2241 Applications (Document No. 1), and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Frank W. Volk. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Proposed

Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Volk, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

ENTER: May 21, 2020.

Omar J. Aboulhosn
United States Magistrate Judge